IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| REYES GUTIERREZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-23-CV-75-FM |
| | § | |
| S. HIJAR, Warden, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Reyes Gutierrez, federal prisoner number 17300-408, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Pet'r's Pet., ECF No. 1.[2] He claims the Bureau of Prisons (BOP) has failed to acknowledge the additional "good time" credits he believes he earned pursuant to the First Step Act (FSA). *Id*. at 6. But it appears from the face of his petition that his claims are unexhausted, and that he is not entitled to § 2241 relief.

## BACKGROUND

Gutierrez is a 53-year-old inmate serving a 147-month sentence imposed after he pleaded guilty to conspiring to possess with intent to distribute methamphetamine. *United States v. Gutierrez*, 1:14-CR-00008-SPW-1 (D. Mont.), J. Crim. Case, ECF No. 49. He is currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas.[3] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 17300-408, last visited Feb. 27, 2023).

---

[1] *See also Gutierrez v. Hijar*, No. EP-22-CV-446-FM, 2023 WL 311913 (W.D. Tex. Jan. 18, 2023) (denying Gutierrez's prior § 2241 petition asserting the same claim without prejudice).

[2] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[3] Anthony is located in El Paso County, Texas, which is within the jurisdiction of the Western District of Texas. 28 U.S.C. § 124(d)(3).

His projected release date is August 18, 2023. *Id*.

Gutierrez disagrees with the BOP's calculation of his time credits. Pet'r's Pet., ECF No. 1 at 6. He claims he has accrued more time credits than he has time remaining on his sentence. *Id*. He argues the BOP has violated his due process rights by failing to follow its own procedures in calculating his release date. *Id*. He asks the Court to intervene in his behalf and order the BOP to apply all his accrued time credits toward his sentence—and presumably order his placement in a halfway house or his release into the community. *Id*. at 7.

## STANDARD OF REVIEW

A prisoner may use § 2241 petition to attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during the initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Upon completing the initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## ANALYSIS

### A. Exhaustion

Gutierrez challenges the calculation of his time credits. Pet'r's Pet., ECF No. 1 at 6. He claims the BOP has failed to acknowledge the additional time credits he earned between December 21, 2018, and April 20, 2022, pursuant to the First Step Act. *Id*.

A federal court does "not have jurisdiction over grievances related to [the] computation of sentences and sentencing credit until exhaustion of administrative review by the Bureau of Prisons." *Falcetta v. United States*, No. 20-50247, 2021 WL 5766571, at *1 (5th Cir. Dec. 3, 2021) (citing *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992); *United States v. Wilson*, 503 U.S. 329, 335–36 (1992)); *see also Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) ("[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."). Exhaustion in this context means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion under the Prison Litigation Reform Act).

A federal prisoner must use the BOP's multi-tiered administrative remedy program to "seek formal review of an issue relating to any aspect of [his] confinement." 28 C.F.R. § 542.10(a). Initially, he must attempt to informally resolve the complaint with the staff with a Form BP-8. *Id*. § 542.13(a). If his informal attempts are unsuccessful, he must submit a written complaint to his warden on a Form BP-9. *Id*. § 542.14. If he is not satisfied with the warden's response, he may appeal to his regional director on a Form BP-10. *Id*. § 542.15. If still not satisfied, he may appeal to the "Central Office" on a Form BP-11. *Id*.

A prisoner may consider the absence of a timely response a denial at that level and proceed

to the next level. *Id.* But he may seek relief in federal court only after he has exhausted all levels of the administrative review process. *Woodford*, 548 U.S at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

Gutierrez claims he questioned the calculation of his time credits in a Form BP-8 submitted to his case manager on October 15, 2022. Pet'r's Pet., ECF No. 1 at 10. He explains he moved on to the next step in the administrative review process on October 17, 2022, when he addressed a Form BP-9 to his warden. *Id*. He maintains the Form BP-9 was not properly processed by the warden because he never received a case number or a receipt. *Id*. He questions how he can proceed to the next step when his warden has not properly addressed his Form BP-9. *Id*. He asks the Court to excuse the exhaustion requirement because proceeding further "would be futile since the [his] release date [is] imminent." *Id.*

Gutierrez has clearly not exhausted his available administrative remedies through all levels of the administrative review process. *Woodford*, 548 U.S at 90–91. And he has offered no evidence suggesting the available administrative remedies are either unavailable or wholly inappropriate to the relief sought. If he believes his warden has mishandled his Form BP-9, he should address his concern with his warden. If he has a meritorious claim, there is nothing to suggest that the BOP would not afford him relief through its administrative review process. If he has identified an error in the calculation of his sentence and projected release date, he should afford the BOP an opportunity to correct it before seeking judicial intervention. Indeed, there is no evidence an

4

attempt by Gutierrez to exhaust through the BOP administrative review process would be a patently futile course of action. And while "[i]t is true that exhaustion . . . takes time, . . . there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

Consequently, the Court finds that Gutierrez has failed to exhaust his administrative remedies. It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if Gutierrez had properly exhausted, the Court would still not grant him § 2241 relief.

### B. Authority of the Bureau of Prisons to Calculate Sentences

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States."). Accordingly, only the Attorney General, through the BOP, may compute time credits for prisoners. *Wilson*, 503 U.S. at 334–35; *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement

of their federal sentences."); 18 U.S.C. § 3585(b).

The First Step Act (FSA) adjusts the way the BOP calculates good-time credit. It increases the maximum number of days inmates may earn per year from 47 to 54. 18 U.S.C. § 3624(b)(1). It also gives prisoners the opportunity to earn ten additional days of time credits for every 30 days of successful participation in Evidence Based Recidivism Programs (EBRR) and Productive Activities (PA). *Id.* § 3632(d)(4)(A)(i). It allows offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of time credits if they do not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii).

But earned time credits are "applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). And the Director may transfer a prisoner into prerelease custody or supervised release only in accordance with § 3624(c). *Id.* So, under the applicable statutory scheme, the Director retains the discretion to determine whether a prisoner will (1) receive time credits toward the completion of his sentence, and (2) be placed in a community corrections facility or home confinement.

Gutierrez claims he has participated in EBRR and PA and is qualified to receive additional time credits toward his sentence under the FSA. Pet'r's Pet., ECF No. 1 at 7. He provides a document—a "FSA Time Credit Assessment" dated 01-14-2023—which shows the BOP has already calculated his time credits in accordance with adjustments allowed by the FSA. *Id.* at 11. He offers a document showing his Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score is "minimum." *Id.* at 14.

Yet, while Gutierrez may disagree with the calculation of his time credits, he fails to identify any errors in the BOP's calculation of his credits. He also fails to provide evidence to

support a conclusion the BOP abused its discretion when it calculated his release date. Consequently, Gutierrez cannot meet his burden of showing he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c).

## CONCLUSIONS AND ORDERS

Accordingly, the Court concludes that Gutierrez has not only failed to exhaust his administrative remedies but also has no constitutional or statutory right to have the Court ensure the BOP applies all his claimed FSA time credits toward his sentence. The Court further concludes that it appears from the face of Gutierrez's petition and other pleadings that he is not entitled to § 2241 relief. The Court therefore enters the following orders:

**IT IS ORDERED** that Gutierrez's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 28th day of February 2023.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**